Filed 9/3/20  P. v. Plascencia CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# SECOND APPELLATE DISTRICT

# DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ENRIQUE GUSTAVO PLASCENCIA,<br><br>     Defendant and Appellant. | B301962<br><br>(Los Angeles County<br>Super. Ct. No. NA108205) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gary J. Ferrari, Judge.  Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

## FACTUAL AND PROCEDURAL BACKGROUND

On January 10, 2019, Enrique Gustavo Plascencia pleaded no contest and was convicted of a charge of kidnaping (Pen. Code, § 207, subd. (a)) and admitted a prior prison term allegation (*id.*, § 667.5, subd. (b).)  The trial court sentenced him to state prison for six years, consisting of five years for the kidnaping conviction and one year for the enhancement for a prior prison term.

On September 17, 2019, Plascencia filed a petition for habeas corpus in superior court.  He asked the court to strike his prior prison term enhancement under Senate Bill No. 136 (2019-2020 Reg. Sess.).  The trial court denied the petition.

On October 21, 2019, Plascencia filed a timely notice of appeal purporting to appeal from this denial of his habeas corpus petition.

We appointed counsel to represent Plascencia on appeal, and on June 4, 2020, counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, requesting that this court independently review the entire record on appeal for arguable issues because appointed counsel discovered none on his own review.  On June 5, 2020, we directed counsel to send Plascencia a copy of his *Wende* brief and the appellate record.  On the same date, we also sent Plascencia a letter informing him he had 30 days from the date of the letter to file a supplemental brief raising any contentions or issues he wished us to consider.

Plascencia did not file a supplemental brief.

## DISCUSSION

As an initial matter, we note that a denial of a habeas corpus petition is not appealable.  (See *Briggs v. Brown* (2017) 3 Cal.5th 808, 836.)  The proper procedure is for the petitioner to

2

file a new habeas corpus petition with the Court of Appeal. (*Ibid.*)

Moreover, because Plascencia's appeal is from an order denying post-conviction relief, the procedural protections established in *People v. Wende* (1979) 52 Cal.3d 436 do not apply. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1034.) In *Cole*, Division Two of this court recently explained that in a criminal appeal from a post-conviction order to which *Wende* does not apply, counsel who find no arguable issues are required to "file a brief with the Court of Appeal setting forth (1) a brief statement of the pertinent procedural history of the case, (2) a brief summary of the pertinent facts, (3) counsel's declaration that there are no reasonably arguable issues to present on appeal, and (4) counsel's affirmation that he or she remains ready to brief any issues at the request of the Court of Appeal." (*Id.* at p. 1038.) Counsel in this case fulfilled these requirements.

The appeal is subject to dismissal for two reasons. First, in noncapital cases, there is "no right to appeal from a superior court denial of habeas corpus relief." (*Briggs v. Brown*, *supra*, 3 Cal.5th at p. 836; accord, *Robinson v. Lewis* (2020) 9 Cal.5th 883, 895; *In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7.) Because the order is nonappealable, the appeal from that order must be dismissed. (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 134, 135.)

Second, because *Wende* does not apply and Plascencia did not file a supplemental brief, we deem the appeal to be abandoned. (See *People v. Cole*, *supra*, 52 Cal.App.5th at p. 1039; *People v. Serrano* (2012) 211 Cal.App.4th 496, 504.)

## DISPOSITION

The appeal is dismissed.
NOT TO BE PUBLISHED

SINANIAN, J.*

We concur:


ROTHSCHILD, P. J.


CHANEY, J.

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4